**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MONTANA**

In re


**JOSEPH MESSIAH WILLIAMS**,                      Case No. **9:26-bk-90054-BPH**


                                          Debtor.

**ORDER**

In this Chapter 7 bankruptcy, Debtor filed an "Emergency Motion for Sanctions for Willful Violation of Automatic Stay Pursuant to 11 U.S.C. § 362(k)" on May 1, 2026, at ECF No. 18 ("Motion"). The Motion alleges that creditor CBB Collections ("Creditor") garnished $569 of Debtor's wages postpetition, causing Debtor to be unable to make his May 1, 2026, rent payment and incur other financial, physical, and emotional harms.

The filing of a petition "operates as a stay, applicable to all entities, of the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title . . . ." 11 U.S.C. § 362(a)(1). As the Ninth Circuit Court of Appeals has described, "[w]hen a debtor files a bankruptcy petition, an automatic stay immediately arises. The scope of the stay is quite broad. It is designed to effect an immediate freeze of the *status quo* by precluding and nullifying post-petition actions, judicial or nonjudicial, in nonbankruptcy fora against the debtor or affecting property of the estate." *Hillis Motors v. Haw. Auto. Dealers' Ass'n*, 997 F.2d 581, 585 (9th Cir. 1993) (citations omitted).

Creditor was included on Debtor's mailing matrix and is presumed to have received notice of this bankruptcy, making its conduct willful under 11 U.S.C. § 362(k). *See Goichman v. Bloom (In re Bloom)*, 875 F.2d 224, 227 (9th Cir. 1989). When an entity willfully violates the automatic stay, it is liable for actual damages, including costs and attorneys' fees, and it may be liable for punitive damages. 11 U.S.C. § 362(k)(1). Accordingly,

IT IS ORDERED Creditor shall immediately turnover the $569 of garnished wages and $75 of overdraft fees to Debtor. If Creditor fails to comply, it shall be held in contempt.

IT IS FURTHER ORDRED a hearing shall be held on **May 6, 2026, at 9:00 a.m.** in the 2ND FLOOR COURTROOM, FEDERAL BUILDING, 400 N. MAIN, BUTTE, MONTANA.[1]

---

[1] Parties may appear remotely pursuant to Mont. LBR 5074-1(c). The requirement to file a notice of remote appearance three days in advance is waived. Any party that intends to call a remote witness shall comply with Mont. LBR 5074-1(e) and file the required information in the docket.

Creditor shall appear and show cause why Debtor should not be entitled to all of his claimed damages pursuant to 11 U.S.C. § 362(k)(1).

Dated May 1, 2026.

BY THE COURT:

Hon. Benjamin P. Hursh
United States Bankruptcy Court
District of Montana