**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MONTANA**

| | |
|---|---|
| In re<br><br>**JOSEPH MESSIAH WILLIAMS**,<br><br><br>Debtor. | Case No. **9:26-bk-90054-BPH** |

**ORDER**

In this Chapter 7 bankruptcy, Debtor filed an "Emergency Motion for Sanctions for Willful Violation of Automatic Stay Pursuant to 11 U.S.C. § 362(k)" on May 1, 2026, at ECF No. 18 ("Motion"). The Motion alleges that creditor CBB Collections ("Creditor") garnished $569 of Debtor's wages postpetition, causing Debtor to be unable to make his May 1, 2026, rent payment and incur other financial, physical, and emotional harms.

The filing of a petition "operates as a stay, applicable to all entities, of the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title . . . ." 11 U.S.C. § 362(a)(1). As the Ninth Circuit Court of Appeals has described, "[w]hen a debtor files a bankruptcy petition, an automatic stay immediately arises. The scope of the stay is quite broad. It is designed to effect an immediate freeze of the *status quo* by precluding and nullifying post-petition actions, judicial or nonjudicial, in nonbankruptcy fora against the debtor or affecting property of the estate." *Hillis Motors v. Haw. Auto. Dealers' Ass'n*, 997 F.2d 581, 585 (9th Cir. 1993) (citations omitted).

Creditor was included on Debtor's mailing matrix and is presumed to have received notice of this bankruptcy, making its conduct willful under 11 U.S.C. § 362(k). *See Goichman v. Bloom (In re Bloom)*, 875 F.2d 224, 227 (9th Cir. 1989). When an entity willfully violates the automatic stay, it is liable for actual damages, including costs and attorneys' fees, and it may be liable for punitive damages. 11 U.S.C. § 362(k)(1). Accordingly,

IT IS ORDERED Creditor shall immediately turnover the $569 of garnished wages and $75 of overdraft fees to Debtor. If Creditor fails to comply, it shall be held in contempt.

IT IS FURTHER ORDRED a hearing shall be held on **May 6, 2026, at 9:00 a.m.** in the 2ND FLOOR COURTROOM, FEDERAL BUILDING, 400 N. MAIN, BUTTE, MONTANA.[1]

---

[1] Parties may appear remotely pursuant to Mont. LBR 5074-1(c). The requirement to file a notice of remote appearance three days in advance is waived. Any party that intends to call a remote witness shall comply with Mont. LBR 5074-1(e) and file the required information in the docket.

1

Creditor shall appear and show cause why Debtor should not be entitled to all of his claimed damages pursuant to 11 U.S.C. § 362(k)(1).

      Dated May 1, 2026.

BY THE COURT:

Hon. Benjamin P. Hursh
United States Bankruptcy Court
District of Montana

United States Bankruptcy Court

District of Montana

In re:                                                                                    Case No. 26-90054-BPH

Joseph Messiah Williams                                                 Chapter 7
      Debtor

# CERTIFICATE OF NOTICE

District/off: 0977-9                              User: JulieHoll                                          Page 1 of 1

Date Rcvd: May 01, 2026                     Form ID: pdfosh                                    Total Noticed: 2

The following symbols are used throughout this certificate:
**Symbol      Definition**

+      Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on May 03, 2026:**

**Recip ID      Recipient Name and Address**
db      + Joseph Messiah Williams, 3930 Mullan Rd, #206, Missoula, MT 59808-5543

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|
| 1515171 | + Email/Text: jennifern@cb1collections.com | May 01 2026 21:20:00 | CBB Collections, 3318 3rd Ave N, Ste. 100, Billings, MT 59101-1900 |

TOTAL: 1

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, \*duplicate of an address listed above, \*P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 03, 2026      Signature:      /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on May 1, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| OFFICE OF THE U.S. TRUSTEE | ustp.region18.bs.ecf@usdoj.gov |
| RICHARD J. SAMSON | rjs@CSBlawoffice.com  lmesser@csjlaw.com;mt10@ecfcbis.com |

TOTAL: 2